# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL TULLBERG,<br><br>         Petitioner,<br>v.<br><br>TIMOTHY DOUMA,<br><br>         Respondent. | Case No. 16-CV-218-JPS<br><br><br><br>**ORDER** |

  On June 15, 2016, the petitioner filed his first motion to stay this matter. (Docket #7). On July 13, 2016, the respondent filed a motion to dismiss, which incorporated a response to the first motion to stay. (Docket #13). The petitioner had twenty-one days to respond to that motion, but failed to do so. On August 29, 2016, the Court *sua sponte* granted him a fourteen day extension to submit a response. (Docket #15). On September 9, 2016, the petitioner requested an additional extension of time, which the Court granted, setting the new response deadline as October 22, 2016. (Docket #16 and #17). On October 7, 2016, the petitioner filed another motion to stay the case. (Docket #18). The respondent filed a response to the second motion to stay on October 19, 2016. (Docket #19). No other filings have been received.

  This timeline shows that the petitioner has still failed to file a response to the respondent's motion to dismiss. He was warned that, pursuant to this District's Local Rules, that failure alone would warrant granting the motion. Civil L. R. 7(b) and (d); (Docket #13-1 at 5-6). The Court has nevertheless reviewed the motion to dismiss and finds that it has independent merit. As to Grounds Three and Four of the petition, the petitioner failed to exhaust his

state court remedies on those issues, and is therefore in procedural default. *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001). The Court cannot hear those claims. As to Grounds One and Two, they are Fourth Amendment challenges that may only be reviewed in a habeas action if the petitioner was denied a full and fair hearing on the claims. *Monroe v. Davis*, 712 F.3d 1106, 1112-13 (7th Cir. 2013). This is a difficult showing which, by virtue of his failure to respond, the petitioner has not made. The motion to dismiss will, therefore, be granted, because the petitioner's failed to file a response, and the resulting unopposed motion to dismiss has merit.

The Court will also deny the petitioner's motions to stay. The U.S. Supreme Court instructs that

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines v. Weber*, 544 U.S. 269, 277 (2005). The petitioner's motions fall far short of the required "good cause" showing. The first motion gives no indication of what issues he wishes to present to the Wisconsin courts. (Docket #7). Thus, it does not enable the Court to even engage in a good cause analysis.

The second references Grounds Three and Four as the issues to be presented, and claims that "[o]n first submission of Habeas Corpus to the clerk for the Wisconsin Supreme Court's office it was submitted to the wrong court, on error of either the Petitioners part or on the Clerk of Court's part." (Docket #18). This single sentence statement does not show good cause. The

petitioner fails to explain when and how he learned of the alleged filing error. His last appeal ended in May 2015, and the Court has no explanation as to why the petitioner is now, for the first time, raising the filing issue. Further, the petitioner was represented by counsel in those state-level appeals, so it is highly unlikely that a simple filing error would have gone completely unnoticed and uncorrected. It was the petitioner's burden to show good cause, meritoriousness, and the lack of dilatory litigation tactics, *Rhines*, 544 U.S. at 277, and he has not carried that burden. Both motions to stay must, therefore, be denied.

As explained above, the Court must grant the respondent's motion to dismiss and deny the petitioner's amended petition for a writ of *habeas corpus*. (Docket #8). However, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether the petition stated valid claims or whether the

procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to the petitioner's amended petition.

Finally, the Court closes with some information about the actions that the petitioner may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that the respondent's motion to dismiss (Docket #13) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the petitioner's motions to stay (Docket #7 and #18) be and the same are hereby **DENIED**;

Page 4 of 5

Case 2:16-cv-00218-JPS   Filed 12/06/16   Page 4 of 5   Document 20

**IT IS FURTHER ORDERED** that the petitioner's amended petition for a writ of *habeas corpus* (Docket #8) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to the amended petition be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge